348

ESTATE OF KUSS: FRANZEN, Appellant, vs. GALLE, Executor, and another, Respondents.

*May 10—June 18, 1928.*

For the appellant there was a brief by *Lenicheck, Boesel & Wickhem* of Milwaukee, and oral argument by *F. J. Lenicheck.*

*Geo. J. Graebner* of Milwaukee, for the respondent executor.

*Emmet Horan, Jr.,* of Milwaukee, guardian *ad litem* for Maria Galle.

ESCHWEILER, J.   On October 22, 1926, Agatha Kuss, a married woman having a separate estate, made her last will

providing among other things that the executor therein named "pay all my just debts and funeral expenses after my death as soon as convenient." The will recognized the surviving husband's right to certain property held by them jointly, and speaks of money in a savings account, out of which all expenses are to be paid, the balance then to go to her deaf and blind niece, Maria Galle. The brother of deceased, father of said Maria, was appointed executor and suggested as guardian for Maria. Mrs. Kuss died November 4th.

The undertakers' bill was apparently promptly paid by the husband out of funds of the deceased, but the money so taken from the bank was subsequently replaced. A verified claim on behalf of the undertakers was filed in due time, as were objections thereto, and upon the hearing on claims one of the firm appeared without an attorney and testified to the ordering of the funeral by the surviving husband and relatives and that at such time he knew nothing of there being any estate belonging to the deceased and that he then looked to the surviving husband for payment and extended credit to him. The county judge then suggested to the witness that he obtain the services of a lawyer in presenting the claim and asked him what he wished to do. He said he was satisfied to hold the husband for the bill. Thereupon the claim was disallowed.

A petition was made some ten days later to have the prior order vacated and a new hearing had upon the grounds that he was mistaken concerning the legal liability of the estate and that since such time he has submitted the matter to his counsel and has been informed that the will of the deceased expressly directed the executor to pay the funeral expenses, and that he has also been informed that there may be some doubt, if his claim against the estate be disallowed, whether he would then be able to recover against the surviving husband.

On the hearing of this petition it appeared that the total value of the estate was about $900; the proceedings above recited on the first hearing were again considered; and the court then denied the motion to reopen the matter.

It is now contended that the direction in the will for the payment of the funeral expenses amounts to such a disposition of the property of the deceased that the court was bound to follow it even though it would exhaust over half the assets and where the arrangements for the funeral had been made by the husband and other members of the family and credit for such expenses then extended to the husband. How far such a direction by the use of such a customary formula in a will is any more binding or effective than the statutory provisions recognized in sec. 312.03, Stats., making the personalty primarily liable for debts of a deceased, and sec. 313.16, giving priority in the payment of debts to the necessary funeral expenses, or the precise effect of such a direction, we do not deem it necessary to consider here, because we are satisfied that the trial court did not abuse its power or discretion in refusing to reopen the hearing on this claim.

The appellants duly filed their claim, and, evidently deciding to dispense with the services of an attorney and relying upon their own judgment as to the law and the facts, freely conceded that the services had been rendered at the request and upon the credit of the husband of the deceased and then and there consented in open court that the claim should be disallowed for that reason.

We see no grounds upon which we should say that the appellants were entitled to have more than the one opportunity to present their claim, and therefore we refuse to disturb the exercise by the trial court of his discretionary power upon the showing made.

*By the Court.*—Order affirmed.